UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CHARLES ALTO,<br><br>　　　　　　　　　　　Petitioner,<br><br>　v.<br><br>SUSAN L. HUBBARD, Warden<br><br>　　　　　　　　　　　Respondent. | Civil No.　10-2569 DMS (WMc)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### **FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

### **FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has incorrectly named "Susan L. Hubbard," as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## VENUE

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner was convicted in the Superior Court of San Diego County California, which is within the jurisdictional boundaries of the United States District Court for the Southern District. *See* 28 U.S.C. § 84(d). Petitioner is presently confined at Correctional Training Facility, located in Monterey County, which is within the jurisdictional

boundaries of the United States District Court for the Northern District of California. *See* 28 U.S.C. § 84(a). In the present Petition, Petitioner is challenging the decision of a board of parole hearing he suffered in February 4, 2009 but does not specify where the hearing occurred. (Pet. at 21.) Thus, it is currently unclear whether this Court has jurisdiction in this matter. Petitioner must tell the Court where he suffered the conviction which he seeks to challenge in this matter.

## CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** the Petition without prejudice due to Petitioner's failure to either pay the $5 filing fee or provide adequate proof of his inability to pay the fee, and for his failure to name a proper respondent, and demonstrate venue is proper in this Court. To have this case reopened, **no later than February 22, 2011,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee AND a First Amended Petition which cures the pleading deficiencies noted above. *The Clerk of Court is directed to send Petitioner a blank Southern District of California In Forma Pauperis Application and First Amended Petition form along with a copy of this Order.*

**IT IS SO ORDERED.**

DATED: December 28, 2010

_____
**HON. DANA M. SABRAW**
**United States District Judge**