FILED

MAY 0 4 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CHARLES ALTO, | No. C 11-00632 JW (PR) |
| Petitioner, | ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |
| vs. | |
| RANDY GROUNDS, Warden, | |
| Respondent. | |

Petitioner, a California prisoner incarcerated at the Correctional Training Facility in Soledad, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the denial of parole by the Board of Parole Hearings ("Board") in 2009. Petitioner filed a first amended petition, (Docket No. 4), which is the operative petition in this matter.[1] Petitioner has paid the filing fee.

## DISCUSSION

### A.    Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person

---

[1] This action was transferred from the Southern District on February 16, 2011, after an initial review of the first amended petition. (See Docket No. 7.)

Order Dismissing Petition; Denying COA
P:\PRO-SE\SJ.JW\HC.11\00632Alto_parole-dism.wpd

**United States District Court**
For the Northern District of California

1  in custody pursuant to the judgment of a state court only on the ground that he is in

2  custody in violation of the Constitution or laws or treaties of the United States." 28

3  U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

4       A district court shall "award the writ or issue an order directing the respondent to

5  show cause why the writ should not be granted, unless it appears from the application that

6  the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

7  **B.**    **Petitioner's Claims**

8       Petitioner seeks federal habeas relief based on the following claims: 1) the Board's

9  decision denying parole was arbitrary because there is no evidence to support the Board's

10  finding that petitioner poses a current threat to public safety; 2) California's "Marsy's

11  Law"[2] violates ex post facto because it excessively increases the time until petitioner's

12  new suitability hearing; 3) the Board's determination that petitioner has not sufficiently

13  participated in self-help or therapy programs does not constitute "some evidence"; and 4)

14  judicial bias.

15       For the purposes of habeas federal habeas review, a California prisoner is entitled

16  to only "minimal" procedural protections in connection with a parole suitability

17  determination. Swarthout v. Cooke, No. 10-333, slip op. 4-5 (U.S. Jan. 24, 2011). The

18  procedural protections to which the prisoner is entitled under the Due Process Clause of

19  the Fourteenth Amendment are limited to an opportunity to be heard and a statement of

20  the reasons why parole was denied. Id. The attachments to the petition show that

21  petitioner received at least this amount of process. The Constitution does not require

22  more. Id. at 5.

23       Whether the Board's decision was supported by some reliable evidence of current

24  dangerousness is irrelevant in federal habeas. The Supreme Court has made clear that "it

25  is no federal concern... whether California's 'some evidence' rule of judicial review (a

26  procedure beyond what the Constitution demands) was correctly applied." Id. at 6. In

27

28      [2] California's Proposition 9, the "Victim's Bill of Rights Act of 2008: Marsy's Law," modified the availability and frequency of parole hearings.

United States District Court
For the Northern District of California

light of the Supreme Court's determination that due process does not require that there be

any amount of evidence to support the parole denial, claims 1 and 3 are not cognizable

claims for relief.

Petitioner's claim 2 – that California's "Marsy's Law" violates ex post facto – is

also without merit in light of the Ninth Circuit's recent decision in <u>Gilman v.

Schwarzenegger</u>, No. 10-15471, slip op. 1339 (9th Cir. Jan. 24, 2011), explicitly rejecting

an ex post facto challenge to Proposition 9.

Lastly, petitioner's fourth claim regarding judicial bias is also without merit.

Petitioner claims that the state appellate judge who reviewed and denied his state habeas

petition on appeal from the state superior court was also the trial judge in petitioner's

underlying conviction in 1987, and thereby was biased when he denied the state petition.

In support, petitioner alleges that the state appellate court's decision placed more

emphasis on the fact that petitioner had served only 22 years of his 37 years to life

sentence rather than the lack of evidence showing his current dangerousness.  However,

petitioner's claim is conclusory and is not supported by any evidence of improper conduct

or improper influences on the part of the state judge.  <u>See</u> <u>Taylor v. Hayes</u>, 418 U.S. 488,

501-04 (1974); <u>Stivers v. Pierce</u>, 71 F.3d 732, 741 (9th Cir. 1995) (civil context).

Furthermore, it cannot be said that the state appellate judge violated petitioner's

rights by failing to recuse himself from reviewing petitioner's state habeas petition

challenging the denial of parole because he was the trial judge in petitioner's underlying

state conviction.  "Supreme Court precedent reveals only three circumstances in which an

appearance of bias — as opposed to evidence of actual bias — necessitates recusal."

<u>Crater v. Galaza</u>, 491 F.3d 1119, 1131-32 (9th Cir. 2007) (judge's remarks at in camera

pretrial conference which sought to persuade petitioner to accept plea bargain, founded

upon his legitimate knowledge of the proceedings and outcome in co-defendant's case,

offered no evidence to overcome the "presumption of honesty and integrity" accorded to

the determinations of a judge) (quoting <u>Withrow v. Larkin,</u> 421 U.S. 35, 47 (1975)).

These are: (1) when the judge has a direct, substantial pecuniary interest in reaching a

United States District Court
For the Northern District of California

conclusion against one of the litigants; (2) when the judge becomes embroiled in a running, bitter controversy with one of the litigants; and (3) when the judge acts as part of the accusatory process. Crater, 491 F.3d at 1131 (citations omitted). Petitioner offers no evidence to suggest that the review of his state habeas petition involved any of these three circumstances to warrant recusal. Accordingly, this claim is DISMISSED for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED for failure to state a cognizable claim for relief.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability ("COA") under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists" would find the district court's assessment of the constitution claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED: May 4, 2011

JAMES WARE
United States District Chief Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


ANTHONY CHARLES ALTO,

            Petitioner,

   v.

R. GROUNDS, Warden,

            Respondent.
_____/

Case Number: CV11-00632 JW

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____5/4/11_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Anthony Charles Alto D-60165
Correctional Training Facility
PO Box 689
Soledad, CA 93960

Dated: _____5/4/11_____

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk